IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| IMERYS TALC AMERICA, INC., et al., | : | BK Case No. 19-10289 LSS) |
| Debtors. | : | |
| _____ | : | |
| CYPRUS HISTORICAL EXCESS INSURERS, | : | |
| Appellant, | : | |
| v. | : | C. A. No. 19-944-MN |
| | : | BAP No. 19-39 |
| INERYS TALC AMERICA, INC., | : | |
| Appellee. | : | |

## **RECOMMENDATION**

At Wilmington this **17th** day of **June, 2019.**

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

On May 22, 2019, this Court issued an Oral Order requiring the parties to this appeal to submit a joint letter regarding their positions on mandatory mediation.

D.I.3. Consistent with this order, the joint letter was not to be filed on the docket. Thereafter, on or around June 13, the Court received two letters – one on behalf of the Future Claimants' Representatives and the other on behalf of Cyprus Historical Excess Insurers (Appellants) and Imerys Talc America, Inc. et al. (Appellees). According to the letter from the Future Claimants' Representative, he and the Cypress Historical Excess Insurers had not conferred before their separate submissions.

According to Cyprus Historical Excess Insurers submission, they provided notice that in light of the Bankruptcy Court's final orders entered on May 31, June 3 and June 6, 2019, they intend to amend their notice of Appeal, to which Appellees reserve all their rights and/or objections. Pursuant to the Future Claimants' Representative, the dispute on appeal centers on the Bankruptcy Court's appointment of James L. Patton, Esq. as the legal representative for future talc personal-injury claimants, for which there is no middle ground.

There does not appear that the parties to this appeal have been involved in mediation or other ADR.

In any event, in both submissions, all parties agree that mediation would be unproductive and the appeal should proceed on the merits.

Further, the parties have proposed briefing schedules which are not consistent.

The Future Claimants' Representative propose the following briefing schedule:

| | |
|---|---|
| Appellants' Opening Brief | July 8, 2019 |
| Joint Answering Brief | August 8, 2019 |
| Appellants' Reply Brief | August 15, 2019 |

The Cyprus Historical Excess Insurers and Imerys Talc America, Inc. proposed briefing schedule is as follows:

| | |
|---|---|
| Appellants' Opening Brief | Filed/served on or before 60 days after entry by this Court of a briefing schedule |
| Appellees' Answering Brief | Filed/served within 60 days thereafter |
| Appellants' Reply Brief | Filed/served within 30 days thereafter |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. The parties were advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge